**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER CARROLL,<br><br>    Plaintiff,<br><br>v.<br><br>HACKENSACK MERIDIAN PASCACK VALLEY MEDICAL CENTER,<br><br>    Defendant. | Civ. Action No. 21-18104 (SDW) (ESK)<br><br>**WHEREAS OPINION**<br><br>March 18, 2024 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon Plaintiff Jennifer Carroll's ("Plaintiff") filing of her Third Amended Complaint (D.E. 72 ("TAC")), and this Court having reviewed the TAC pursuant to Federal Rule of Civil Procedure 12(h)(3) to determine whether it has subject matter jurisdiction over the instant action; and

  **WHEREAS** on December 14, 2023, this Court dismissed with and without prejudice the five claims in Plaintiff's Second Amended Complaint ("SAC"). (D.E. 66–67.) The first four claims in the SAC were federally created causes of action and the fifth one arose under New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1 *et seq.* (*See generally* D.E. 54.) In dismissing the SAC, this Court specifically addressed the federal claims and, after dismissing them, declined to retain jurisdiction over Plaintiff's CEPA claim. (D.E. 66 at 13.) This Court gave Plaintiff 30 days to amend the claims that were dismissed without prejudice, which included several of her federal causes of action. (D.E. 67 at 2); and

**WHEREAS** after this Court granted her two extensions, Plaintiff filed the TAC on March 12, 2024.  (D.E. 69, 71, 72.)  Therein, Plaintiff asserts only one claim—the New Jersey CEPA claim over which this Court previously declined to exercise jurisdiction.  (D.E. 72 ¶¶ 69–74); and

**WHEREAS** federal courts "have an independent obligation to satisfy themselves of jurisdiction if it is in doubt.  A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns."  *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (internal citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action."); and

**WHEREAS** federal-court jurisdiction is limited; Article III courts "possess only that power authorized by [the United States] Constitution and [federal] statute[s.]"  *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670 (3d Cir. 2018) (alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "[T]he most common grounds for a federal court's subject matter jurisdiction are federal question jurisdiction and diversity jurisdiction."  *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d at 671 (citing 28 U.S.C. §§ 1331, 1332); and

**WHEREAS** although the TAC does not mention subject matter jurisdiction, the first two paragraphs therein make clear that diversity jurisdiction plainly does not lie here because there is no diversity of citizenship.  (D.E. 72 ¶¶ 1–2); and

**WHEREAS** nor does this action, as currently pleaded, "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Most directly, a case arises under federal law when federal law creates the cause of action asserted."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).  Where, however, "a claim finds its origins in state rather than federal law," there is "a 'special and small category' of cases in which arising under jurisdiction still lies."  *Id.* at 258 (quoting *Empire*

*Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).  This so-called "arising under" or "embedded" jurisdiction applies in the "slim category" of cases in which a state-law claim implicates a federal issue that is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Id.*  This is a conjunctive test.  *See MHA LLC v. Healthfirst, Inc.*, 629 F. App'x 409, 415 n.8 (3d Cir. 2015) ("As the first two elements of *Grable*'s conjunctive test were not satisfied, we need not reach the third factor . . . ."); and

**WHEREAS** Plaintiff's CEPA claim does not meet these four elements, and therefore, the instant action must be dismissed.  First, Plaintiff's CEPA claim does not necessarily raise a federal issue.  To state a claim under the CEPA, a plaintiff must allege the following elements:

> (1) he or she reasonably believed that his or her employer's conduct was violating a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity described in N.J. Stat. Ann. 34:19-3c; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

*Caver v. City of Trenton*, 420 F.3d 243, 254 (3d Cir. 2005) (quoting *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (2003)).  Here, the TAC alleges that Plaintiff reasonably believed Defendant fraudulently billed Medicare—*i.e.*, that Defendant or its doctors billed Medicare for treatments that "[we]re not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member," 42 U.S.C. § 1395y(a)(1)(A)—and that Defendant subsequently retaliated against her for reporting the allegedly fraudulent billing practices.  The Third Circuit has held, however, that "a dispute over whether care was 'medically necessary' under federal Medicaid regulations d[oes] not raise a federal issue."  *MHA LLC*, 629 F. App'x at 413 (citing *PremierTox, Inc. v. Ky. Spirit Health Plan*, No. 12-10, 2012 WL 1950424, at *7 (W.D. Ky. May 30, 2012)).  That is especially true where, as here, Plaintiff's CEPA claim

3

would at most require her to prove only that she *reasonably believed* that Defendant or its doctors fraudulently mischaracterized patients' medical needs. As Plaintiff admits in the TAC, that inquiry necessitates only a determination of reasonableness (*see, e.g.*, D.E. 72 ¶¶ 12, 13, 16, 17, 70)—a standard with which state courts are intimately familiar; and

**WHEREAS** even if this quintessential reasonableness inquiry did necessarily raise a federal question, it is not a question that is "substantial," *i.e.*, one that is "significant 'to the federal system' as opposed to only the parties." *MHA LLC*, 629 F. App'x at 413 (quoting *Gunn*, 568 U.S. at 260). As currently pleaded, this case "does not call into question the validity of a federal statute or the conduct of a federal actor"; rather, "any statutory interpretation required [here] is incidental to the application of Medicare and Medicaid law to disputed facts." *Id.* at 414 (citations omitted). Accordingly, this Court is "not presented with a discrete federal issue that is 'dispositive of the case and would be controlling in numerous other cases.'" *Id.* (quoting *McVeigh*, 547 U.S. at 700); therefore

This action is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.[1] An appropriate order follows.

                                                */s/ Susan D. Wigenton*
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Edward S. Kiel, U.S.M.J.

---

[1] This *sua sponte* dismissal should come as no surprise to Plaintiff. As noted earlier in this Opinion, this Court previously declined to exercise jurisdiction over Plaintiff's CEPA claim after it dismissed—with and without prejudice—Plaintiff's federal claims. Plaintiff, represented by able counsel, chose not to include in her TAC those federal claims over which this Court would have had original jurisdiction. Although this Court must give Plaintiff an opportunity to amend her claims, *see In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997) (explaining that dismissal for lack of subject matter jurisdiction must be without prejudice), given the lengthy history of this case—including Plaintiff's several unsuccessful attempts to cure the deficiencies in her claims—this will be Plaintiff's final opportunity to do so.